IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AIDALIZ APONTE MOJICA,
    *Plaintiff*,

v.

FORVIS MAZARS, LLP,
    *Defendant*

Case No. 1:24-cv-2066-ABA

### MEMORANDUM OPINION AND ORDER

Plaintiff Aidaliz Aponte Mojica filed a complaint against Defendant Forvis Mazars, LLP ("Forvis") alleging six employment-related claims. Forvis has moved to dismiss or, in the alternative, to stay the proceedings and compel arbitration. For the reasons stated below, the Court will grant the motion to stay and compel arbitration.

### BACKGROUND[1]

Forvis, an accounting firm, hired Plaintiff as an Executive Assistant and Billing Specialist in 2019. When she was first hired, she signed an Employment Agreement with Forvis. ECF No. 15-2. The Employment Agreement contained an arbitration clause, under which Ms. Mojica agreed that "[a]ny legal dispute, controversy, or claim related to th[e] Agreement or breach thereof, status as an employee, or claimed discrimination, harassment, retaliation, or other grievance of any kind, to the extent allowed by applicable law, shall be subject to resolution in accordance with the FORVIS Dispute

---

[1] As discussed below, a motion to compel arbitration requires a court to consider not just a plaintiff's allegations, but whether the evidentiary record entitles a defendant to an order compelling arbitration. Accordingly, this background section lays out the relevant evidence, viewed in the light most favorable to the nonmoving party, Ms. Mojica. *Ford v. Genesis Fin. Sols., Inc.*, 726 F. Supp. 3d 441, 448 (D. Md. 2024) (quoting *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 233-34 (4th Cir. 2019)).

Resolution Plan unless otherwise stated above or in the FORVIS Dispute Resolution Plan." *Id.* at 8 (§ 19).[2]

Plaintiff also signed Forvis's Dispute Resolution Plan on August 31, 2022. ECF No. 15-4. The Dispute Resolution Plan requires Ms. Mojica to "raise any claim, legal dispute or controversy relating to employment by following the STEPS outlined" in the Plan, and expressly waived "any right to resolve any dispute through other means, including by filing a lawsuit in court." *Id.* at 2. By its terms, the Dispute Resolution Plan applies to "any legal dispute, controversy or claim related to [Plaintiff's] employment with FORVIS, including discrimination, harassment, retaliation or other grievance of any kind, promotions, demotions, transfers, termination, employee benefits, wage and hour issues, leaves of absence and accommodations whether involving FORVIS or any employee or partner of FORVIS." *Id.*

The Dispute Resolution Plan lays out three "steps." In Step 1, "Internal Resolution," an employee is "encourage[d]" to "take your complaint to the managing partner (MP) of your office or to the partner in your office who is designated to receive employee complaints," or alternatively to the Chief Risk Officer." *Id.* In Step 2, the parties agree to "attempt to resolve the dispute through mediation." *Id.* If mediation is unsuccessful, the mandatory arbitration provision kicks in, under which "either you or FORVIS may request to proceed with arbitration (as discussed below)." *Id.* at 3. "After a request for arbitration has been submitted, both you and FORVIS must submit to binding arbitration, in accordance with the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association (available at

---

[2] Page citations are to the ECF page numbers, which may differ from the pagination used by the parties.

2

www.adr.org)," subject to certain "modifying agreements" set forth in the Dispute Resolution Plan. *Id.*

By agreeing to the terms of the Dispute Resolution Plan, she also was representing that she understood and agreed that it applied both during and after her employment with FORVIS, and that the Plan "constitutes a contract between FORVIS and [her] for the purpose of defining how employment disputes will be resolved." *Id.* at 4. Finally, the Dispute Resolution Plan concludes, in all caps, with the following: "THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH THE PARTIES MAY ENFORCE. YOU UNDERSTAND AND AGREE THAT YOU ARE GIVING UP YOUR RIGHT TO A JURY TRIAL OR COURT TRIAL. YOU UNDERSTAND AND AGREE THAT THIS AGREEMENT AND THE *PLAN* SURVIVE THE TERMINATION OF YOUR EMPLOYMENT." *Id.* at 5.

Plaintiff alleges that, in December 2019, after being asked to lift a heavy printer at work, she was diagnosed with a herniated disc, which significantly impaired her mobility and limited her major life activities. ECF No. 1 at 5 ¶ 14. She further alleges that she notified management of her condition and submitted a doctor's note requesting reasonable accommodations, including time off for exercises, limited lifting of office items, and the ability to wear flat shoes. *Id.* at 5 ¶¶ 15-16. From 2019 through July 2023, Plaintiff asserts that she repeatedly requested these accommodations, which Forvis allegedly denied and instead assigned her heavier lifting tasks and required her to work in the office three to four days per week. *Id.* at 5 ¶ 17, 7 ¶¶ 25-27.

In March 2023, Plaintiff submitted an Intake Form to the EEOC Washington Field Office (EEOC No. 570-2023-01637). *Id.* at 5 ¶ 19. At her October 12, 2023 intake meeting, she supplemented her complaint with allegations of disability discrimination,

3

retaliation, harassment, hostile work environment, and race discrimination. *Id*. Around this time, Plaintiff alleges that her supervisor, Catherine DuBois, significantly altered her job duties, requiring her to perform the work of three professionals. *Id*. at 5-6 ¶ 20, 8 ¶ 30. She was also allegedly warned, both orally and in writing, that any mistakes would result in severe disciplinary action. Despite the increased workload and pressure, her salary remained unchanged. *Id*. at 8 ¶ 31. Plaintiff contends that, as a result, she experienced emotional and psychological distress, including insomnia, anxiety, headaches, and fatigue. *Id*. at 8 ¶¶ 32-33.

In addition to allegations of retaliation and harassment, Plaintiff contends that Forvis misused its Alternative Dispute Resolution ("ADR") process to improperly obtain her medical information, which she contends was later used to justify her allegedly discriminatory and retaliatory termination. *Id*. at 8-9 ¶¶ 37-39. She alleges that the ADR proceeding exacerbated her injuries and was part of a broader effort by Forvis to harass and intimidate her, violating her rights under the ADA, the Rehabilitation Act, and her right to fair legal process and compensation. *Id*. at 9 ¶ 39, 10 ¶ 43.

Plaintiff's complaint contains six counts: "Discrimination, Retaliation, and Failure to Provide a Reasonable Accommodation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181" (Count 1), "Violation of the federal Rehabilitation Act of 1973, 29 U.S.C. § 701" (Count 2), "Violation of Virginia Code § 65.2-308 (Worker's Compensation Retaliation)" (Count 3), "Intentional Infliction of Emotional Distress" (Count 4), "Common-law Fraud" (Count 5), and "Common-law Wrongful Discharge" (Count 6). *Id*. at 10-17.

Defendant filed a motion to dismiss, or to stay the proceedings and compel arbitration. ECF No. 15-1 at 1. In response, Plaintiff argues that the arbitration

agreement is unenforceable or was repudiated. ECF No. 20. Defendant filed a reply brief. ECF No. 22.

## STANDARD OF REVIEW

"Motions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment." *PC Constr. Co. v. City of Salisbury*, 871 F. Supp. 2d 475, 477-78 (D. Md. 2012). In considering a motion to compel arbitration, the Court is "entitled to consider materials other than the complaint and its supporting documents." *Ford,* 726 F. Supp. 3d at 448 (quoting *Berkeley Cnty.*, 944 F.3d at 233-34).

Where there are disputes about facts and the parties have submitted evidence, courts treat a motion to compel arbitration as one for summary judgment, applying the Rule 56 standard, viewing the evidence in the light favorable to, and with all reasonable drawn in favor of, the non-moving party. *See Berkeley Cnty.*, 944 F.3d at 233–34 ("To decide whether 'sufficient facts' support a party's denial of an agreement to arbitrate, the district court is obliged to employ a standard such as the summary judgment test."). If there are genuine disputes of material fact relevant to, for example, whether an arbitration agreement is enforceable or applicable, the court proceeds to hold a hearing and resolve dispute of fact, but "the 'court shall proceed summarily' and conduct a trial on the motion to compel arbitration.'" *Id.* at 234 (quoting 9 U.S.C. § 4).

## DISCUSSION

The Federal Arbitration Act ("FAA") reflects a strong federal policy favoring arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). An agreement "to settle by arbitration a controversy thereafter arising out of such contract" is "valid, irrevocable, and enforceable," 9 U.S.C. § 2, and any doubts on the issue of arbitrability are, "to be resolved in favor of . . . arbitration." *Whiteside v.*

*Teltech Corp.*, 940 F.2d 99, 101 (4th Cir. 1991) (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25). If a party disputes the validity of an arbitration agreement, the movant bears the burden of demonstrating that there is "no genuine dispute as to any material fact" on the issue of validity and that "the movant is entitled to judgment as a matter of law." *Devine v. Bethesda Softworks, LLC*, 636 F. Supp. 3d 564, 568-69 (D. Md. 2022) (quoting Fed. R. Civ. P. 56(a), (c)(1)(A)). If a court determines that a dispute is subject to arbitration under the FAA, the litigation is stayed until the conclusion of the arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024).

Here, there is no dispute that Ms. Mojica worked for Forvis and signed its Dispute Resolution Plan, and that the Plan contains an arbitration provision that, by its terms, covers the present dispute. ECF No. 20 at 1-3. In opposing the motion to compel arbitration, she makes two arguments. Even accepting her allegations as true and construing the evidence in the light most favorable to Ms. Mojica, there is no genuine dispute of material fact that the dispute is subject to arbitration.

First, Ms. Mojica argues that her execution of the Dispute Resolution Plan was the product of "fraud, duress, and unconscionability." *Id.* at 9. As a legal matter, she is correct that "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). But she has not come forward with any admissible evidence to suggest that she was fraudulently induced into executing the Dispute Resolution Plan, or that it was the product of duress, or that its terms are "characterized by extreme unfairness, . . . made evident by (1) one party's lack of meaningful choice, and (2) contractual terms that unreasonably favor the other party." *Walther v. Sovereign Bank*, 386 Md. 412, 426 (2005). Plaintiff expressly acknowledged

6

in the Employment Agreement that she agreed to arbitration under the Forvis Dispute Resolution Plan "voluntarily, without coercion or duress." ECF No. 15-2 at 9.

Moreover, in the Dispute Resolution Plan, Plaintiff agreed that the arbitration panel would "have the exclusive authority to resolve any disputes relating to the applicability, interpretation or formation of this arbitration agreement and the dispute resolution plan." ECF No. 15-4 at 3. The Fourth Circuit has recognized that "parties to an arbitration agreement can 'agree to arbitrate gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.'" *Gibbs v. Haynes Invs., LLC*, 967 F.3d 332, 337 (4th Cir. 2020) (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)). "[W]hen an agreement 'clearly and unmistakably' delegates the threshold issue of arbitrability to the arbitrator, a court must enforce that delegation clause and send that question to arbitration." *Id.* (quoting *Rent-A-Center*, 561 U.S. at 67). For these reasons, Plaintiff's invocations of "fraud, duress, and unconscionability" do not render the arbitration agreement unenforceable.

Second, Plaintiff argues that this Court should deem Forvis to have repudiated the arbitration agreement because (a) Forvis did not agree to settle the dispute on terms she was willing to accept during a mediation between the parties in July 2023, and (b) Forvis allegedly used medical information it obtained during the mediation in deciding to terminate her employment. *See* ECF No. 20 at 9 ("[G]iven the medical breakdown effected by Defendant on her in the middle of Step Two . . . Plaintiff here has shown an inability, due to Defendant's weaponization of and withdrawal from ADR, to 'effectively [ ] vindicate' her 'statutory cause of action'—disability discrimination—in that arbitral forum.") (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000)); *id.*

7

at 4 ("During the July mediation, Forvis demanded confidential medical information about my treatments, purportedly to substantiate my injuries, and I supplied it. However, rather than resolving its differences and correcting for their discrimination, Forvis turned around days after the mediation and fired me effective July 18, 2023 – hours after the impasse in the mediation and after they had taken my sensitive medical information, exploited my good-faith vulnerability, and dismissed me.") (emphases omitted); *id.* at 10 ("An obvious situation in which the employee should not be limited to the exclusive remedial procedures established by the contract occurs when the conduct of the employer amounts to a repudiation of those contractual procedures.") (quoting *Vaca v. Sipes,* 386 U.S. 171, 185 (1967)).

But nothing in the Dispute Resolution Plan required Forvis (or Plaintiff for that matter) to settle their dispute at "Step Two" of the plan, the mediation, or required Forvis to keep Ms. Mojica employed until the end of the dispute resolution process. And there is no evidence in the record that Forvis acted in bad faith or otherwise deprived her of the opportunity to exhaust the dispute resolution process.

For these reasons, the arbitration clause remains valid, and Plaintiff remains bound by the Dispute Resolution Plan.

## CONCLUSION AND ORDER

Because there are no cognizable grounds to conclude that Forvis repudiated its own arbitration agreement and no applicable contract defenses render the agreement unenforceable, the Court hereby orders as follows:

1. Defendant's motion to stay the proceedings (ECF No. 15) is GRANTED; and
2. This case is STAYED pending completion of arbitration pursuant to the terms of the parties' agreement.

Date:  July 25, 2025

                /s/
Adam B. Abelson
United States District Judge